IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               No. 1:15-cr-00172-AA-1

    v.

                           **ORDER**

EMMANUEL OLUWATOSIN KAZEEM,
et al.

        Defendants.

---

**PANNER, J.**

    Defendant Emmanuel Oluwatosin Kazeem has filed a renewed Motion for Release from Custody (#72). I held a detention hearing on July 31, 2015 (#81). I DENY Defendant's motion.

### Legal Standard

    The Bail Reform Act of 1984 "requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community." United States v. Gerbo, 948 F.2d 1118, 1121 (9th Cir. 1991); 18 U.S.C. § 3142(c)(1)(B); United States v. Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985). Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in

PAGE 1 - ORDER

the defendant's favor.  <u>Motamedi</u>, 767 F.2d at 1405; <u>United States</u>
<u>v. Townsend</u>, 897 F.2d 989, 994 (9th Cir. 1990).

Section 3142(f) requires the court to hold a detention hearing
if the defendant poses a flight risk or is a danger to the
community.  The government bears the burden of showing by a
preponderance of the evidence that the defendant poses a flight
risk, and by clear and convincing evidence that the defendant poses
a danger to the community.  <u>Gerbo</u>, 948 F.2d at 1121.

Under § 3142(g), certain factors must be considered in
determining whether there are conditions of release that will
reasonably assure the appearance of the person and the safety of
the community.  <u>Gerbo</u>, 948 F.2d at 1121.  Those factors include:
(1) the nature and circumstances of the offense charged; (2) the
weight of the evidence against the defendant; (3) the history and
characteristics of the defendant; and (4) the nature and
seriousness of any danger to persons of the community if the
defendant is released.  18 U.S.C. § 3142(g).  When considering
these factors, the evidence against the defendant is the least
important.  <u>Gerbo</u>, 948 F.2d at 1121.

Under § 3142(e), if the court determines that no condition or
combination of conditions will reasonably assure the appearance of
the person, the defendant must be detained.  18 U.S.C. § 3142(e).

The court may reopen a detention hearing at any time prior to
trial if:

> the judicial officer finds that information
> exists that was not known to the movant at the
> time of the hearing that has a material bearing
> on the issue whether there are conditions of

> release that will reasonably assure the
> appearance of such person as required and the
> safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(B).

## **Background**

On May 7, 2015, Defendant and four other individuals were charged by indictment with twenty-seven counts of conspiracy to commit mail and wire fraud, mail fraud, wire fraud, and aggravated identity theft. Defendant is alleged to have been involved in a complex and sophisticated identity theft scheme involving the identities of over 125,000 people for the purpose of obtaining fraudulent tax refunds from the IRS and the Oregon Department of Revenue.

Defendant is a citizen of both the United States and Nigeria and maintains a residence in Bowie, Maryland. On May 13, 2015, federal agents executed a search warrant at Defendant's house. Defendant was not at home, but agents spoke to his roommate and left copies of the warrant. On May 21, 2015, Defendant self-surrendered in Medford, Oregon. On May 22, 2015, Defendant made his initial appearance and the Court ordered him detained. Magistrate Judge Clarke held a detention hearing on June 4, 2015, at which he affirmed the earlier detention order. Defendant subsequently retained new counsel and brought this motion seeking pretrial release based on new information.

## **Discussion**

### **I. Defendant Presents a Serious Flight Risk**

Defendant contends that he does not pose a serious flight risk

PAGE 3 - ORDER

based on (1) his self-surrender in Medford, Oregon; (2) the seizure of his Nigerian and United States passports by federal agents; and (3) his strong ties to Bowie, Maryland.

In assessing the § 3142(g) factors, I turn first to the nature and circumstances of the charged offenses. Defendant is charged with multiple counts of fraud, conspiracy, and identity theft. Given the complexity and sophistication of the alleged scheme, I conclude that this factor weighs against Defendant's release. In particular, I note that the allegations regarding identity theft are particularly concerning given the possibility that Defendant might use a false or stolen identity and assets to flee the United States.

I turn next to the weight of the evidence against Defendant. The evidence against Defendant is substantial. Although, as noted, this factor is the least important, it does weigh against Defendant.

Turning then to the history and characteristics of Defendant, I find that this factor weighs strongly against Defendant. At the detention hearing, the government produced a considerable amount of evidence demonstrating a pervasive pattern of fraud in Defendant's conduct over at least the last five years. The government presented evidence that Defendant obtained his United States citizenship by means of a fraudulent marriage to a citizen and that denaturalization proceedings have been commenced against him. The government also presented evidence that, despite his allegedly fraudulent marriage and his romantic connections to at least two

women in Maryland, Defendant is married to a woman in Nigeria and possibly also married to another woman in the United Kingdom.

The government also produced evidence that Defendant has been investing at least some of the proceeds of the alleged tax fraud scheme in Nigeria. These investments apparently include substantial property in Lagos, Nigeria, where Defendant intended to construct a high-end hotel.

It also appears that, despite owning a substantial house in Bowie, Maryland, and incurring considerable expenses, Defendant is without a legitimate source of income. Defendant's tax returns for the last several years have represented that he worked for a company in Maryland which has been defunct for the entire time of Defendant's purported employment with them.

The net effect of these revelations is to undermine the Court's confidence in Defendant's connections to Bowie, Maryland and the United States. The government's evidence of Defendant's investments in Nigeria, as well as the presence of Defendant's parents and at least one of his putative wives, suggest that Defendant has correspondingly strong connections to his native country.

Although Defendant's laudable decision to travel to Medford and surrender to the marshals does weigh in his favor, I must conclude that the nature and characteristics of Defendant indicate a serious risk of flight.

With regard to the final factor, I conclude that Defendant does not pose a serious danger to the community.

I conclude that the government has demonstrated by a preponderance of the evidence that Defendant presents a serious risk of flight.

## II. No Condition or Combination of Conditions Will Reasonably Assure Defendant's Subsequent Appearance

Defendant also argues that the following new circumstances justify pretrial release: (1) two individuals have volunteered to act as third-party custodians of Defendant during his pretrial release; (2) a third individual, Taofiki Kolapo, has offered to deed his home as security for Defendant's subsequent appearance; (3) Defendant's parents have offered to provide a $25,000 bond for his release; (4) Defendant will submit to strict house arrest with electronic monitoring; (5) Defendant will report daily to pretrial services in Washington, D.C.; (6) Defendant will agree not to travel within 100 yards of the Nigerian Embassy; and (7) Defendant will sign a waiver of extradition.

The effectiveness of release conditions depends on the Defendant's good faith compliance. United States v. Hir, 517 F.3d 1081, 1093 (9th Cir. 2008). If the conditions can be too easily circumvented or manipulated, they are not effective. Id. In this case, the evidence of pervasive fraud in Defendant's conduct and dealings over the last several years undermines the Court's confidence in Defendant's good faith compliance with any condition or combination of conditions that might be imposed. Defendant's technical sophistication and alleged facility with false identities also suggests that he might circumvent the proposed conditions with

relative ease.

Nor are the proposed conditions otherwise free of problems. Mr. Kolapo's offer to stake his house as security for Defendant's release is clouded by the government's discovery of numerous judgments and liens against Mr. Kolapo, as well as some apparently serious irregularities in Mr. Kolapo's tax returns. Additionally, Defendant's suggestion that he might sign a waiver of extradition is undermined by grave doubts about the enforceability of such a waiver. See United States v. Wei Seng Phua, No. 2:14-CR-00249-APG-PAL, 2014 WL 4104128 (D. Nev. Aug. 19, 2014)(noting that waivers of extradition are potentially unenforceable).

I conclude, therefore, that no condition or combination of conditions will reasonably assure Defendant's subsequent appearance.

### Conclusion

The government has demonstrated by a preponderance of the evidence that Defendant presents a serious risk of flight and that no condition or combination of conditions will reasonably assure his subsequent appearance. Accordingly, Defendant's renewed Motion for Release from Custody (#72) is DENIED.

IT IS SO ORDERED.

DATED this __3__ day of August, 2015.

OWEN M. PANNER
United States District Judge

PAGE 7 - ORDER